IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JOANN SEKAVEC                                                        PLAINTIFF

vs.                                      Civil No. 6:12-cv-06085

CAROLYN COLVIN                                        DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Joann Sekevec ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") under Title II of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.**     **Background:**

Plaintiff filed her disability application on July 11, 2006.  (Tr. 188-189).  In her application, Plaintiff claims to be disabled due to scoliosis, degenerative disc disease, ruptured disc, bulging disc, sciatic nerve, and pain.  (Tr. 203).  Plaintiff alleges an onset date of February 3, 2005.  (Tr. 203).  This application was denied initially and again upon reconsideration.  (Tr. 99-101, 104-105).

Thereafter, Plaintiff requested an administrative hearing on her application, and this hearing

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

request was granted. (Tr. 55-71). Plaintiff's initial administrative hearing was held on April 8, 2010. (Tr. 31-49). The ALJ entered and unfavorable decision on September 25, 2009. (Tr. 87-95). The Plaintiff sought review of the hearing decision and the Appeals Council ordered a new hearing on May 6, 2010, to permit Plaintiff to submit additional evidence and develop the record further. (Tr. 96).

Plaintiff's second administrative hearing was held on December 8, 2010. (Tr. 50-81). Plaintiff was present and was represented by Shannon Muse Carroll at this hearing. *Id.* Plaintiff, her husband Tim Sekavec, and Vocational Expert ("VE") Mack Welch testified at this hearing. *Id.* As of the date of this hearing, Plaintiff was forty-five (45) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c) (2008), had a GED and had obtained a certified nurse's assistant certification. (Tr. 58).

On January 18, 2011, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 10-17). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since February 3, 2005. (Tr. 11, 15, Finding 3). The ALJ determined Plaintiff had the severe impairments of degenerative disc disease. (Tr. 11, 16, Finding 4). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 13, 16, Finding 5).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 13-14, Findings 6 and 7). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the full range of light work. *Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 14-15). The ALJ determined Plaintiff was unable of performing her PRW as a certified nurse aide. (Tr. 16, Finding 8). The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 15-16, Finding 11). The ALJ then used Medical-Vocational Guidelines Rule 202.21 and 202.22 to reach a conclusion of "not disabled," based on Plaintiff's age, education, vocational background, and residual functional capacity. *See* 20 C.F.R. pt. 404, subpt. P, app. 2, § 201.21. (Tr. 16). The ALJ then determined Plaintiff had not been under a "disability," as defined by the Act, at any time from February 3, 2005 through her last insured date of March 31, 2008. (Tr. 16, Finding 12).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 22). On May 8, 2012, the Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On June 27, 2012, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on July 31, 2012. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 10, 15. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have

supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to

the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.      Discussion:**

Plaintiff brings the present appeal claiming the ALJ erred: (1) by failing to consider whether Plaintiff met Listing 1.04 for Disorders of the Spine, (2) by failing to give the opinions of Plaintiff's treating physician proper weight, (3) in his credibility analysis of Plaintiff, and (4) by failing to present the VE a hypothetical. ECF No. 10. In response, Defendant argues the ALJ did not err in any of his findings. ECF No. 15. Because this Court finds the ALJ erred by failing to consider whether Plaintiff met Listing 1.04 for Disorders of the Spine, this Court will only address this issue.

In the present action, the ALJ determined Plaintiff did "not have an impairment or combination of impairments" that met or medically equaled one of the Listings. (Tr. 12, 16, Finding 5). The ALJ then specifically found Plaintiff's alleged mental impairment did not meet or equal the requirements of Listings 12.04 or 12.06. *Id.* The ALJ did not mention or evaluate any of the other Listings.

Plaintiff argues the ALJ erred when he failed to consider whether Plaintiff met Listing 1.04 which is defined as follows:

> 1.04 Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there

is involvement of the lower back, positive straight-leg raising test (sitting and supine);

or

B. Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours;

or

C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.

See 20 C.F.R. pt. 404, Subpt. P, Appendix 1, Listing 1.04.

The medical record shows Plaintiff has been seen with complaints of back pain since at least February 2004 through 2006. (Tr. 247, 249, 253, 255, 257, 259, 263). On February 22, 2005, Plaintiff underwent an MRI of her lumbar spine. (Tr. 290). The clinical history indicated Plaintiff had back pain and weakness with right leg radiculopathy. Id. The MRI findings showed disc herniation at L5-S1 causing mild central canal stenosis and the disc abuts the right S1 nerve root sleeve. Id.

Following her MRI, Plaintiff was seen by Dr. John Pace on April 12, 2005. (Tr. 291). Dr. Pace indicated Plaintiff had complaints of back pain for the past seven months. Id. On exam, Plaintiff had muscle tenderness, positive straight leg raise on the right, and decreased light touch and pinprick on the right at S1. Id. Dr. Pace recommended epidural steroid injections and physical therapy. Id.

On May 15, 2006, Plaintiff was seen by Dr. Jacob Abraham for further pain management. (Tr. 268-272). Dr. Abraham indicated Plaintiff had a herniated disc at L5-S1 with radicular pain in

6

the right lower extremity. *Id.* Dr. Abraham also found decreased range of motion of the right and left lower extremities and positive straight leg raise on the right and left. *Id*. Following this, Dr. Abraham performed bilateral lumbar facet nerve blocks at L2, L3, L4, and L5 on June 20, 2006, and June 27, 2006. (Tr. 273,274).

The ALJ failed to support his finding at step three that Plaintiff's impairments did not equal a listed impairment, and it is not clear if the ALJ even considered whether the Plaintiff met the requirements of Listing 1.04. This fact is important because the Plaintiff's back condition was at issue in this case.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 24th day of June 2013.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE